## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAVINO AGUILAR, | : | Civil No. 3:13-CV-1030 |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM ORDER</u>

The plaintiff is a federal prisoner who was housed in the United States
Penitentiary, Canaan.  In his complaint the plaintiff brought an action the United
States of America pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. §
2401, *et seq*. and 28 U.S.C. § 2675, *et seq*.  The  plaintiff's *pro se* complaint recited
that, in June of 2011, the prison served inmates chicken fajitas. (Doc. 1.)  According
to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria.  (<u>Id</u>.)
Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain
and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills,
vomiting, inability to eat and profuse sweating.  (<u>Id</u>.)  Alleging negligence on the part

of the prison in the preparation and service of this food, the plaintiff sought damages from the defendant.

This is one of a number of related actions in which federal inmates have sued the United States of America, alleging injuries stemming from the consumption of food contaminated with salmonella that was served at the United States Penitentiary, Canaan. We are overseeing coordinated pre-trial management of these cases and we ordered all parties to participate in mandatory mediation of the plaintiff's claims. As part of this mediation program it was reported that this case had settled, and the case was, therefore, dismissed in July of 2013. (Docs. 16-17.)

On April 22, 2014, the plaintiff filed a document, (Doc. 26.), alleging that this settlement has not been fully consummated in that he had not received his payment under the settlement agreement. Notably, that motion attached as an exhibit a copy of the settlement agreement between the parties. That agreement specifically stated that: "It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses." (Doc. 26-1, ¶8.) This motion was denied by the district court on April 23, 2014. (Doc. 27.)

A year then passed before Savino filed the instant motion for award of costs and fees. (Doc. 28.) Since the settlement agreement between the parties specifically provided that "the respective parties will each bear their own costs, fees, and

expenses," (Doc. 26-1, ¶8.), this motion, which violates the terms of the settlement agreement by seeking to tax costs against the defendants, is DENIED.

So ordered this 17th day of June, 2015.

**_S/Martin C. Carlson_**
Martin C. Carlson
United States Magistrate Judge