**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SAVINO AGUILAR, | : | No. 3:13cv1030 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# **MEMORANDUM and ORDER**

Before the court for disposition is a document filed by Plaintiff Savino Aguilar entitled "Objections to Magistrate Findings and Conclusions," which we will construe as an appeal of a non-dispositive order of the magistrate judge. The parties have briefed their respective positions on this matter, and it is ripe for disposition.

**Background**

Plaintiff, a federal prisoner incarcerated at the United States Penitentiary Canaan in Waymart, Pennsylvania, filed suit against the United States of America under the Federal Tort Claims Act ("FTCA") on April 19, 2013. (Doc. 1, Complaint). The complaint alleges that the plaintiff contracted salmonella bacterial poisoning from a poultry product, chicken fajitas, that were served by the prison. (Id. ¶¶ 8-9). He asserts that he suffered excruciating pain and symptoms which included severe

headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating.  (Id. ¶ 9).  He alleges that to treat him, the prison provided him with a cup of Gatorade and two aspirins.  (Id. ¶ 10).   He instituted the instant action alleging negligence on the part of the United States and failure to provide necessary medical treatment.  (Id. ¶ 23).

In or about July 2013, the parties proceeded to mediation. The mediator reported to the court that the case had been settled on July 30, 2013.  (Doc. 16).  The court entered an order of dismissal on July 31, 2013 and dismissed the case without costs.  (Doc. 17).  We provided the parties with ninety (90) days in which to consummate the settlement.  (Id.)

On June 9, 2015, nearly two years after the case had been closed, plaintiff filed a document styled as a "petition for award of cost, fees, or reimburstment [sic]."  (Doc. 28).   Chief Magistrate Judge Martin C. Carlson issued an order denying the petition on June 17, 2015.  (Doc. 29).  Plaintiff now appeals that decision brining the case to its present posture.

**Jurisdiction**

As plaintiff filed his lawsuit pursuant to the FTCA, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States.")

**Legal standard**

Plaintiff names his filing as "objections" to the magistrate judge's ruling. This matter, however, is not properly deemed objections. Objections are used when the magistrate judge issues a report and recommendation on a potentially dispositive motion. This matter is an appeal of a non-dispositive motion. Here, the magistrate judge issued an order on the plaintiff's motion, not a report and recommendation. We will consider the plaintiff's "objections" as an appeal of a non-dispositive magistrate judge order. The standard of review for the appeal of a non-dispositive order by a magistrate judge is to determine if the magistrate judge's ruling was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

**Discussion**

Upon review of the matter, and pursuant to 28 U.S.C. § 636, we find that the magistrate judge's order of June 17, 2015, is not clearly erroneous or contrary to law.

Plaintiff seeks an award of fees under the Equal Access To Justice Act, 28 U.S.C. § 2412(d)(1)(A), which provides:

3

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or againt the United States in any court having jurisdiction of that action unless the court finds that the position of the United States was substantially justified or that special circumstances made an award unjust.

28 U.S.C. § 2412(d)(1)(A).

This act is not applicable in the instant case.  The magistrate judge points out that the settlement agreement between the parties indicates that the parties would bear their own costs, fees, and expenses." (Doc. 26-1, ¶ 8).  To tax costs against one party after they had agreed that the parties would bear their own costs would violate the terms of the settlement agreement.  Thus, the magistrate judge denied the motion.

We find nothing clearly erroneous or contrary to the law with regard to the magistrate judge's ruling.  In fact, we note that when we dismissed this case it was "dismissed without costs[.]"  (Doc. 17).  Moreover, the mandatory provisions of the statute that the plaintiff cites in support of his motion does not apply to tort cases, and this is an action filed pursuant to the Federal Tort Claims Act.  Accordingly,

**AND NOW,** to wit, this 2nd day of December 2015, the plaintiff's appeal of the magistrate judge's order denying the petition for an award of cost, fees or reimbursement (Doc. 28) is hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**